IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN SMITH,

                Petitioner,                OPINION AND ORDER

  v.

                                                15-cv-738-wmc

                                                11-cr-104-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Allen Smith has filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1] He claims entitlement to a reduction in his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. The decision in *Johnson* does not apply to Smith's situation, however, so his petition must be denied.

BACKGROUND

Allen Smith was charged with five counts of possession with intent to distribute a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). He signed a revised written plea agreement with the government, pleading guilty to Count 3 of the superseding indictment. The court accepted his guilty plea, after which the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (Dkt. #120.)

The PSR labeled Smith as a career offender under U.S.S.G. §§ 4B1.1(a) and (b)(3),

---

[1] This is petitioner's first motion for post-conviction relief, so he does not need the permission of a

1

because he was at least 18 years old at the time of the instant felony drug offense and he had at least two prior convictions for either a "crime of violence" or a "controlled substance offense." Specifically, Smith had: (1) a 2004 felony conviction for possession with intent to deliver THC; (2) a 2006 conviction for selling cocaine base; (3) a 2007 burglary of a dwelling conviction; (4) a 2008 conviction for fleeing a police officer in a motor vehicle; and (5) and a 2012 conviction for battering a prisoner.

As a career offender, Smith's offense level became 32. With a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), his offense level became 29. Smith had a criminal history category VI as a career offender. With a total adjusted offense level of 29 and a criminal history category of VI, his sentencing range under the advisory Guidelines was 151-188 months in prison. The court sentenced Smith to 144 months of imprisonment, to be followed by 3 years of supervised release.

Smith appealed his sentence, but dismissed his appeal voluntarily after his counsel filed a no-merit brief.

OPINION

Smith argues that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), establishes that he was improperly classified as a career offender. In *Johnson*, the defendant challenged his sentence enhancement under the ACCA, 18 U.S.C. § 924(e)(2)(B). Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense. A "violent felony" is defined as a crime that carries a penalty

---

panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

of more than one year and:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B)(emphasis added). In *Johnson*, the Supreme Court found the italicized language in subsection (ii), known as the "residual clause," was too vague to satisfy the due process clause of the Constitution.[2]

*Johnson* does not help Smith, however, because he was not sentenced as an armed career criminal under the ACCA. Instead, Smith was classified as a career offender under the advisory sentencing guidelines, U.S.S.G. § 4B1.1. The Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), held that the sentencing guidelines are not amenable to vagueness challenges because, unlike the statute at issue in *Johnson*, the advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 894. *Beckles* eliminates petitioner's argument that he is entitled to relief under *Johnson*.[3] Accordingly, his motion will be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue

---

[2] The Court did not discuss the portion of § 924(e)(2)(B) that increases the sentences for persons who have committed controlled substances offenses or who have committed an offense listed in subsection (i) or in the non-italicized portion of subsection (ii).

[3] Even if *Beckles* had not mooted petitioner's *Johnson*-based argument, his claim would fail. Petitioner was found to be a career offender based on five prior convictions, two of which were classified as "controlled substance offenses" and three of which were classified as "crimes of violence." Both of his prior controlled substance offenses meet the sentencing guidelines' definition for those types of offenses, as they were both felonies punishable by more than one year imprisonment. USSG § 4B1.2.

or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that petitioner Allen Smith's motion for post-conviction relief under 28 U.S.C. § 2255 is DENIED. Further, IT IS ORDERED that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 15th day of June, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge